HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REDWEEK, INC., a Washington corporation,

        Plaintiff,

v.

JORGE R. BELLO, an individual; JERRY J. BELLEFLEUR, an individual; JOHN DOES 1-10, individuals; and JOHN DOES 11-20, corporations,

        Defendant.

No. 2:17-cv-00429 RSL

**ORDER DIRECTING ENTRY OF JUDGMENT AGAINST DEFENDANTS**

Having considered "Plaintiff's Motion for Default Judgment Against Defendants," (Dkt. # 31), the motion is hereby GRANTED. Default was entered against defendant Jorge R. Bello and Jerry J. Bellefleur on October 10, 2017. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). In a trademark infringement case, plaintiff may establish the measure of damages by providing evidence of defendants' profits. 15 U.S.C. §1117(a). Plaintiff has come forward with evidence of gross profits from the infringing activity of $6,800, paid to defendants by a RedWeek customer who fell victim to defendants' scam. Having

ORDER DIRECTING ENTRY OF JUDGMENT
AGAINST DEFENDANTS – 1

1  made such a showing, the burden shifted to defendants to show permissible deductions
2  for overhead and expenses. Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1408
3  (9th Cir. 1993) (abrogated on other grounds). They have not done so. Therefore, plaintiff
4  has established damages of $6,800. The Court further finds that defendants acted
5  intentionally and that the damages should be trebled.

6      The Clerk of Court is directed to enter judgment against defendants Jorge R. Bello
7  and Jerry J. Bellefleur jointly and severally in the amount of $20,400. Defendants are also
8  permanently enjoined and restrained from:

9      (a)    Using in any manner whatsoever any and all of RedWeek's trademarks,
10 service marks and/or source identifiers, whether in connection with any business, goods,
11 product, or service, any signage, document, internet webpage, social media site, or in any
12 other manner. This restriction includes, without limitation, the following:

13         i.    Any of RedWeek's trademarks registered with the United States
14 Patent and Trademark Office, including, for example, Reg. No. 3869771; Reg. No.
15 3869772; Reg. No. 3885370; Reg. No. 3946865; and Reg. No. 4875651 (the "RedWeek
16 Marks");

17         ii.    The mark "REDWEEK" including in conjunction with any other
18 words or phrases;

19         iii.    Any confusingly similar variant of the mark "REDWEEK" however
20 spelled, ordered or punctuated;

21         iv.    Any other mark, logo, trade name, domain name, social media page,
22 or other source identifier that is confusingly similar to any of (i)-(iii) above.

23     (b)    Impersonating or claiming any false association with RedWeek.
24     (c)    Unfair competition and practices in connection with RedWeek in any
25 manner, as defined under applicable state and federal law.

26

(d) Inducing, enabling, or assisting any other person or entity, or coordinating or cooperating with any other person or entity, to do anything that Defendants are prohibited from doing by this injunction, or to otherwise violate RedWeek's trademark rights in any manner.

Plaintiff is hereby ORDERED to send a copy of this Order to the known mailing and email addresses for defendants within seven calendar days of the entry of this Order.

Finally, plaintiff is entitled to recover its reasonable costs and attorneys' fees and is directed to file a fee application and statement of costs within 21 calendar days of this Order.

Dated this 1st day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge